[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
The trial court held a hearing attended by the plaintiff and the defendant, their counsel and guardian ad litem Sally Hodgdon on November 13, 2000. The court heard oral argument from the parties in addition to exhibits submitted by agreement. The court makes the following orders concerning alimony, property settlement, counsel fees, guardian ad litem fees, life insurance, etc. Said orders are made after the defendant received a federal bankruptcy court discharge.
1. ALIMONY
The plaintiff shall pay to the defendant the sum of $100.00 per week alimony terminating on the first of the occurrence of the following events:
a. January 1, 2010;
b. Death of either party;
c. Cohabitation by the defendant as provided by statute;
d. Remarriage of the defendant.
Said alimony is non-modifiable as to term only.
The defendant is further ordered to pay alimony in the amount of $1.00 per year to the plaintiff. Said alimony shall be modifiable only in the event that a creditor listed on the defendant's bankruptcy petition (Exhibit A, November 13, 2000 hearing), any unlisted creditor on said petition and/or creditor listed on her financial affidavit dated November 13, 2000 attempts to collect said debt or debts from the plaintiff resulting in financial loss to he plaintiff. CT Page 14397
2. MARITAL PROPERTY
The plaintiff shall quit claim all of his right, title and interest in and in to the marital property located at 152 Edgewood Drive, South Windsor, Connecticut to the defendant. The defendant shall execute a promissory note secured by a second mortgage in the amount of $20,000.00 at the interest rate of 4% per annum simple interest payable in full to the plaintiff on the first of the occurrence of the following events:
a. Death of the defendant;
b. Remarriage of the defendant;
c. Cohabitation by the defendant as provided by statute;
d. The youngest child attaining the age of nineteen years old or graduation from high school, whichever event shall first occur;
e. Sale or refinance of the marital residence.
The defendant shall further pay and hold the plaintiff harmless on the first mortgage on said property in favor of the American Savings Bank and/or its successors and assigns.
3. PERSONAL PROPERTY
The defendant shall have law, right, title and interest in and to all of the personal property located at the marital residence at 152 Edgewood Drive, South Windsor, Connecticut with exception of the following personal articles of personal property:
a. The sailboat and its accessories located in the backyard;
b. The Thai rattan chair;
c. Plaintiff's computer;
d. Plaintiff's grandmother's rocking chair in trunk;
e. Plaintiff's turntable, stereo and speakers;
f. Gold chain if found by the defendant;
g. Plaintiff's hand tools including welding equipment located in boxes on a shelf in the cellar; CT Page 14398
h. Plaintiff's personal papers;
i. Fishing equipment;
j. Two stained glass lamps if located in the marital residence.
The plaintiff will have sixty days to remove all items of personal property from the family residence.
4. SERP PLAN
The plaintiff shall have all right, title and interest in and to the Serp Plan valued in the approximate amount of $4,100.00 as of the date of the dissolution of the marriage.
5. IRA AND 401K PLANS
The plaintiff is hereby ordered to transfer to the defendant 40% of the value of his IRA plan at Selbert and Co. and 401k plan at Konica, Inc. as of August 30, 2000, the date of the court's decision dissolving the marriage of the parties. Said transfer shall be effectuated by an assignment and/or Qualified Domestic Relations Order as required by the plan administrator. Both parties are ordered to sign any documents necessary to effectuate said transfer. The provisions of this paragraph encompass a property order and not alimony. The court shall retain jurisdictions to carry out the provision of this paragraph.
6. AUTOMOBILES
Each party shall have all right, title and interest in and to any automobile presently in their possession.
7. LIFE INSURANCE
The plaintiff shall maintain his children as beneficiaries of his life insurance policies until the youngest child reaches the age of nineteen or graduates from high school whichever shall first occur. Said order encompasses all of the policies listed on the plaintiff's financial affidavit dated July 21, 2000. The defendant is also ordered to maintain the life insurance at Allstate Insurance Company listing her children as irrevocable beneficiaries until the youngest child attains the age of nineteen years old or graduates from high school, whichever shall first occur.
The plaintiff shall assume the loans on his life insurance policies in CT Page 14399 the amount of $3,250. The plaintiff, however shall have no obligation to pay said loans during the childrens' minority unless failure to pay interest and/or principal on said loan or loans results in cancellation of said policy and/or policies.
8. COBRA INSURANCE
The defendant shall be entitled to obtain medical insurance benefits through plaintiff's employer's insurance carrier pursuant to COBRA at the defendant's sole expense.
9. DEBTS
The defendant has represented to the Federal District Bankruptcy Court that all of the debts listed on her bankruptcy petition submitted into the record as defendant's Exhibit A at the hearing on November 13, 2000 as set out in Schedule F are all her sole debts. The court hereby orders the plaintiff to pay all of the debts listed on his financial affidavit dated July 21, 2000 except the sewer hookup loan to ASFCU Credit Union. Said loan shall be paid by the defendant together with all debts listed on her financial affidavit dated November 13, 2000 and she shall hold the plaintiff harmless from any liability thereon.
10. GUARDIAN AD LITEM FEES
The court hereby finds that Sally Hodgdon, guardian ad litem for the minor children, is owed the sum of $2,812.25 for services rendered from the date of her employment through the date of this decision. The court further finds that the plaintiff has paid $1,000.00 to said guardian ad litem with no payment made by the defendant. The court orders the defendant to pay $500.00 to the guardian ad litem in 30 days with any balance owing in said amount to be paid from any funds obtained by an early withdrawal by the defendant from the IRA and the 401k funds assigned and/or QDRO'd to her in paragraph 5 above. The plaintiff shall pay to the guardian ad litem the sum of $1,312.25 within 120 days of the date of this decision.
11. ATTORNEYS FEES
No attorneys fees awarded to either party.
12. RESTORATION OF MAIDEN NAME
The court hereby restores the maiden name of the defendant Mary Ellen Ceraldi. CT Page 14400
James J. Devine, J.